UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON D. PENNINGER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-447 DRL-MGG |
| SHARON HAWK, WILLIAM HYATT, GEORGE PAYNE, KATIE MILLER, ANDY WHITE, AMANDA TOBIN, TRACY WORDEN, SHAWNA MORSON, ISAAC RANDOLPH, | |
| Defendants. | |

OPINION AND ORDER

Jason D. Penninger, a prisoner without a lawyer, filed a complaint alleging Sharon Hawk retaliated by firing him from his job at the Miami Correctional Facility on December 2, 2019. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Penninger alleges he was a pretrial detainee on December 2, 2019. That is not true. On August 27, 2015, Mr. Penninger was sentenced to an aggregate term of forty-five years on two counts of molesting a five year old. *Penninger v. State*, 60 N.E.3d 1146 (Ind.

Ct. App. 2016) (table). On December 2, 2019, Mr. Penninger was a convicted felon serving his sentence. The Eighth Amendment thus governs his claims here.

Mr. Penninger alleges he was a journeyman landscaper. In response to asking why he was not receiving journeyman and overtime pay, he says Sharon Hawk retaliated by firing him on December 2, 2019. He alleges for the same reason she prevented him from getting another job. He alleges eight other defendants did not intervene to stop her or reinstate him to his job.

A prisoner does not have a liberty or property interest in a prison job. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). The complaint thus does not state a claim for having been fired, for not being re-hired, or for not getting a new job. Nevertheless, a retaliation claim may be asserted even if the retaliatory act does not independently violate the Constitution. *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000). "To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quotation marks omitted).

> Where [Mr. Penninger] runs into trouble, however, is that his 'inquiries' into [his] pay were not protected speech as would be necessary to satisfy a retaliation claim's requirement of constitutionally protected activity. As in the public-employee context, [Mr. Penninger]'s questions concerning [Ms. Hawk]'s 'personal policies' about [his] pay must relate to a public concern and not just a personal matter to receive First Amendment protection.

*McElroy v. Lopac*, 403 F.3d 855, 858 (7th Cir. 2005). Though *Bridges v. Gilbert*, 557 F.3d 541 (7th Cir. 2009), held "a prisoner's speech can be protected even when it does not involve a matter of public concern," i*d.* at 551, it explicitly did not overrule *McElroy*:

> This case does not address the continuing validity of cases like *McElroy*, where we concluded that a prisoner-employee's complaints about compensation were not matters of "public concern" protected by the First Amendment. To the extent that a distinction can be made between speech as an inmate and speech as a prisoner-employee, the public concern standard may still have some application to prisoners' free speech claims. Although we noted above that *Garcetti's* analysis of the competing interests of the public employer and the public employee is generally inapplicable to the prison context, perhaps similar concerns are present when prison officials offer inmates voluntary employment in the provision of prison services. The official interest in the "efficient provision" of those services, coupled with the benefits to the prisoner from taking the job, may justify a public concern limitation on the prisoner's speech made as an employee. On the other hand, the degree of control exercised by officials over all aspects of a prisoner's life may make any distinction between speech as an inmate and speech as a prisoner-employee unworkable. [*See Garcetti*] (comparing the free citizen's dual roles as a public employee and a private citizen). We need not decide in this case whether the public concern standard ought to apply to a prisoner-employee's free speech claim because, in providing an affidavit in the Powe lawsuit, Bridges was not speaking as a prisoner-employee.

*Id.* at 552 n.3 (citations omitted).

In more than a decade since *Bridges* was decided, the court of appeals has not returned to address this question. Since *Bridges* was decided, only one district court has applied this holding from *McElroy*, and it did not mention *Bridges*. *See Kervin v. Superintendent*, 2014 WL 3384664, 2 (N.D. Ind. July 9, 2014), *aff'd sub nom. Kervin v. Barnes*, 787 F.3d 833 (7th Cir. 2015) ("An inmate's oral complaint about a purely personal matter is not the type of speech protected by the First Amendment."). *Kervin* was affirmed on

appeal, but the circuit opinion said nothing about retaliation claims, the First Amendment, or prison employee complaints about pay.

*Bridges* questioned the continued applicability of this holding in *McElroy* and presented arguments both for and against. Answering that question is for the court of appeals. This court is bound by precedent. Today, *McElroy* remains binding precedent. Therefore, this complaint does not state a claim for which relief can be granted.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Based on the law today, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

November 8, 2021                                         *s/ Damon R. Leichty*
                                                         Judge, United States District Court